WRIGHT, Presiding Judge,
dissenting.
I respectfully dissent. The majority has correctly stated that “It is the court’s duty to ascertain and give effect to legislative intent as expressed from the words of the statute.” However, it may also be stated that such intent is to be derived from a consideration of the purpose of the statute as expressly stated or as may be indicated by looking at the statute as a whole. Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970). There can be no dispute that the purpose of Chapter 27, Title 34, entitled Real Estate Brokers, was to license real estate brokers and salesmen, provide for their qualifications and regulate their conduct and transactions with the public. The chapter in no way relates to their relations or contracts with each other, except to provide for the responsibility of the broker for the acts and transactions of his salesmen with the public.
It is evident that the Real Estate Recovery Fund was established to protect the public aggrieved by the acts of the broker and/or the salesman and not to protect them from one another. The failure of the legislature to specifically exclude the broker-salesman from the provision of “any person ... aggrieved by an act, representation, transaction or conduct of a duly licensed broker, salesman ... which is in violation of the provisions of the chap-ter_” does not serve to include them. The relationship between broker and salesman is personal and private and is governed by ordinary rules of contract as any other employer-employee or principal and agent relationship. I would reverse the judgment of the circuit court.